E-filing

```
Charles Evans II - Pro Per
546 17th Street
Richmond, California 94801-2804
510.375.4197 - Cell
510.637.2845 - Desk
510.215.7779 - Home
charles.ii@sbcglobal.net
```

FILED
MAR 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C08-01697  ADR  JL

**Charles Evans II** individually,

    Plaintiff,

    vs.

**Contra Costa County** a municipal corporation, **John Gioia** individually and in his Official Capacity as County Supervisor; **Mary Piepho** individually and in her Official Capacity as County Supervisor; **Gayle Ulkema** individually and in her Official Capacity as County Supervisor; **Federal Glover** individually and in his Official Capacity as County Supervisor; **Susan Bonilla** individually and in her Official Capacity as County Supervisor, **Defendants.**

Case No.:

Complaint for Damages
(42 U.S.C. § 1983)
(42 U.S.C. § 1981)
(42 U.S.C. § 1985)
(42 U.S.C. § 1986)
(California Civil)

**DEMAND FOR JURY TRIAL**

Complaint - 1

**JURISDICTION**

1. This action arises under 42 U.S.0 § 1983. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331, 1343(a)(1) & (3), and § 1367(a).

**INTRADISTRICT ASSIGNMENT**

2. Venue is proper and convenient in the Northern District of California, Oakland Division pursuant to 28 U.S.C. 1391(b) in that the alleged claims arose in the City of Martinez, State of California.

**PARTIES**

3. Plaintiff, Charles Evans II, a competent adult and is a person with standing to bring this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff, Charles Evans II, does hereby bring this action on his own behalf.

4. Plaintiff in this action is of African American decent.

5. Defendants John Gioia, Mary Piepho, Gayle Ulkema, Federal Glover and Susan Bonilla are officers of the Contra Costa County Board of Supervisors. All defendants identified in this Paragraph are being sued in their individual and official capacities.

6. Defendant CONTRA COSTA COUNTY is, and at all times relevant to this action was, a municipal corporation duly organized and existing under the laws of the State of California.

## STATEMENT OF FACTS

7. On February 14, 2002 employees of Contra Costa County conducted activities directed at Plaintiffs family which subsequently gave rise to a USC 1983 Civil suit. The suit was settled prior to any judicial determinations and all claims were dismissed by plaintiffs. Plaintiff does not wish to raise claims from a settled suit; however there is a historical relevance to current claims. Despite the monetary settlement achieved by civil litigation Mr. Evans continued to engage the county government for answers and reassurances that the events he and his family experienced would be addressed appropriately. During his attempts he was treated with consistent indifference and eventually denied due process, subjected to unequal application of law and unreasonable limitations to free speech in a public meeting.

8. The claims in this suit must be viewed in context of the historical interaction of plaintiffs and defendants but the specific claims are as follows:

9. During the time period from October 31, 2006 to September 27, 2007 plaintiff made several personal appearances to the County Board Meeting held once every week plaintiff was not allowed to speak on agenda items prior to being acted on by the board which is contrary to State law. Defendants applied arbitrary policy directives to plaintiff during public comment to limit his ability to speak freely for a reasonable amount of time. Defendants disregarded State law regarding public meetings in an effort to avoid addressing plaintiffs concerns.

10. Plaintiff filed a county claim for damages after informal complaints went largely ignored by defendants. Upon denying plaintiffs county claim defendants disclosed county policy of not getting involved in the claims of citizens until they were denied and pursued with civil litigation. This is the only time the defendants get involved in the concerns of the plaintiff regardless of their merits.

11. This suit is being filed in order to receive the process afforded by Contra Costa County, which has been articulated by John Gioia as, County Supervisors do not get involved in the resolution of citizen complaints to the county unless they are pursued with further litigation.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983)

(VIOLATIONS OF CIVIL RIGHT TO FREE SPEECH)

12. Defendants acted under color of law in subjecting plaintiff to a hostile public forum that limited his ability to express speech aired to petition the County Government.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983)

(VIOLATIONS OF CIVIL RIGHT TO DUE PROCESS OF LAW)

13. Defendants acted under color of law in the denial of plaintiff's right to speak on agenda items under public comment before the board takes action on said item.

14. Defendants acted under color of law in the denial of plaintiff's right to reasonable consideration to claims of damage that were denied by board.

### THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1981)

(VIOLATIONS OF CIVIL RIGHT TO EQUAL RIGHTS UNDER LAW)

15. Defendants acted under color of law in applying unequal rights to plaintiff in the determination of reasonable time to speak during the public comment portion of Board meetings.

### SIXTH CLAIM FOR RELIEF

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

16. By their conduct, as alleged above defendants embarrassed and humiliated plaintiff in a public forum conducted on behalf of the residents of Contra Costa County.

### SEVENTH CLAIM FOR RELIEF

(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

17. By their conduct, as alleged above defendants embarrassed and humiliated plaintiff in a public forum conducted in the behalf of the citizens of Contra Costa County.

Wherefore, plaintiffs pray judgment as follows:

On All Causes of Action

A. Compensatory general damages in the amount more than $25,000;

    B.  Punitive damages in an amount to be determined by a Jury.

    C.  Injunctive Relief,

    D.  Declaratory Relief and

    E.  Such further relief as the Court deems just and proper.

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

18. Pursuant to General Order No. 48, the undersigned certifies that as of this date there is no such interest to report.

### JURY TRIAL DEMAND

19. Pursuant To Civil L.R. 3-6 plaintiffs preserve the right to a jury trial.

Dated this March 27, 2008

*[signature]*
Charles Evans II - pro per