1  SILVANO B. MARCHESI (SBN 42965)
   County Counsel
2  BERNARD KNAPP (SBN 111720)
   Deputy County Counsel
3  COUNTY OF CONTRA COSTA
   651 Pine Street, 9th Floor
4  Martinez, California 94553
   Telephone:  (925) 335-1800
5  Facsimile:   (925) 335-1866
   Electronic mail: bknap@cc.ccounty.us
6
   Attorneys for Defendants
7  CONTRA COSTA COUNTY,
   JOHN GIOIA, MARY PIEPHO,
8  GAYLE UILKEMA, FEDERAL GLOVER,
   and SUSAN BONILLA
9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12  CHARLES EVANS II individually,          No.  C 08 - 01697 JL

13              Plaintiff,                   DEFENDANT GAYLE UILKEMA'S
                                            ANSWER TO COMPLAINT
14  v.

15  CONTRA COSTA COUNTY, a municipal
    corporation; JOHN GIOIA individually    JURY TRIAL DEMANDED
16  and in his Official Capacity as County
    Supervisor; MARY PEIPHO individually
17  and in her Official Capacity as County
    Supervisor; GAYLE UILKEMA
18  individually and in her Official Capacity as
    County Supervisor; FEDERAL GLOVER
19  individually and in his Official Capacity as
    County Supervisor; SUSAN BONILLA
20  individually and in her Official Capacity as
    County Supervisor,
21
                Defendants.
22

23       Defendant Gayle Uilkema answers plaintiff's complaint as follows:

24       1.  Answering paragraph 1 of said complaint, said defendant admits this court has

25  jurisdiction of this action.

26       2.  Answering paragraph 2 of said complaint, said defendant admits this action is

27  properly venued in this court pursuant to 28 U.S.C. § 1391(b).  Except as specifically so

28  admitted, said defendant denies each and every allegation of said paragraph 2.

---

DEFENDANT GAYLE UILKEMA'S ANSWER TO COMPLAINT - C 08 - 01697 JL

3.  Answering paragraph 3 of said complaint, said defendant admits the allegations of said paragraph.

4.  Answering paragraph 4 of said complaint, said defendant admits the allegations of said paragraph.

5.  Answering paragraph 5 of said complaint, said defendant admits the allegations of said paragraph.

6.  Answering paragraph 6 of said complaint, said defendant admits that Contra Costa County was and is at all times alleged in the complaint a political subdivision of the State of California, as provided by Constitution and laws of said State.  Except as specifically so admitted, said defendant denies each and every allegation of said paragraph 6.

7.  Answering paragraph 7 of said complaint, said defendant admits that on February 14, 2003, plaintiff filed in this court an action naming among others Contra Costa County and certain employees of Contra Costa County as defendants, and further admits said action was alleged to arise under, among other laws, section 1983 of Title 42 of the United States Code, and further admits that on May 24, 2004, said action was dismissed by this court on the stipulation of the parties following the agreement of the parties to terminate the action. Except as specifically so admitted, said defendant denies each and every allegation of said paragraph 7.

8.  Answering paragraph 8 of said complaint, said defendant denies each and every allegation of said paragraph 8.

9.  Answering paragraph 9 of said complaint, said defendant admits that plaintiff has from time to time during the period October 31, 2006 to September 27, 2007 appeared at the regular public meetings of the Contra Costa County Board of Supervisors, and at such meetings, has from time to time requested to address said Board on agenda items.  Said defendant further admits that on account of clerical error, an agenda item was acted on by the Board before plaintiff's address to the Board on that item was delivered.  Except as specifically so admitted, said defendant denies each and every allegation of said paragraph 10.

---

DEFENDANT GAYLE UILKEMA'S ANSWER TO COMPLAINT - C 08 - 01697 JL

10.  Answering paragraph 10 of said complaint, said defendant admits that on March 29, 2007, plaintiff submitted a claim to the Board of Supervisors of Contra Costa County, and further admits that on May 1, 2007, said Board rejected said claim in full.  Except as specifically so admitted, said defendant denies each and every allegation of said paragraph 10.

11.  Answering paragraph 11 of said complaint, said defendant lacks sufficient information on which to form a belief as to the truth or falsity of the allegations of said paragraph, and on that basis, said defendant denies each and every allegation of said paragraph 11.

12.  Answering paragraph 12 of said complaint, said defendant denies each and every allegation of said paragraph 12.

13.  Answering paragraph 13 of said complaint, said defendant admits the official actions of the Board of Supervisors and other officials of Contra Costa County, performed within the scope of their authority and on behalf of said County, are done under color of law. Except as specifically so admitted, said defendant denies each and every allegation of said paragraph 13.

14.  Answering paragraph 14 of said complaint, said defendant admits the official actions of the Board of Supervisors and other officials of Contra Costa County, performed within the scope of their authority and on behalf of said County, are done under color of law. Except as specifically so admitted, said defendant denies each and every allegation of said paragraph 14.

15.  Answering paragraph 15 of said complaint, said defendant admits the official actions of the Board of Supervisors and other officials of Contra Costa County, performed within the scope of their authority and on behalf of said County, are done under color of law. Except as specifically so admitted, said defendant denies each and every allegation of said paragraph 15.

16.  Answering paragraph 16 of said complaint, said defendant denies each and every allegation of said paragraph 16.

17.  Answering paragraph 17 of said complaint, said defendant denies each and every allegation of said paragraph 17.

## AFFIRMATIVE DEFENSES

18.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that said complaint fails to state a claim upon which relief can be granted against said answering defendant.

19.  Defendant denies that the injuries or damages complained of, if any, were due to or caused by any carelessness or negligence or any act or omission on the part of said answering defendant.

20.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that plaintiff was contributorily negligent; that such contributory negligence was a proximate cause of plaintiff's alleged damages, if any, which are therefore diminished in direct proportion to the fault attributable to plaintiff as compared with that of said defendant.

21.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that said action is barred by the provisions of section 335.1 and section 342 of the California Code of Civil Procedure.

22.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that said action is barred because the plaintiff failed and continues to fail to comply with the claims reporting provisions of California Government Code sections 900 through and including 946.6.

23.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that the facts and damages sought by the plaintiff are in excess of and different from what was claimed in the claim presented to Contra Costa County pursuant to California Government Code section 910.

24.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that answering defendant is not liable to plaintiff pursuant to the provisions of California Government Code section 820.8, in that the liability alleged against defendant is based on the acts and/or omissions of other persons.

25.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that answering defendant is immune from civil liability pursuant to the provisions of California Government Code section 820.2 on the grounds that the acts and/or omissions alleged in the complaint involved the exercise of discretion.

26.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that answering defendant is immune from civil liability pursuant to the provisions of California Government Code section 821 to the extent that the injuries alleged in the complaint were caused wholly or in part by the adoption of or failure to adopt an enactment and/or a failure to enforce an enactment.

27.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that plaintiff's action is barred by the equitable doctrines of laches, estoppel, and waiver, in that plaintiff has unreasonably delayed in taking action and/or making the claims alleged in this lawsuit with respect to the events alleged in the complaint, even though he knew or should have known in the exercise of reasonable diligence of the injuries and causes of injuries alleged in the complaint.

28.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that plaintiff has failed to exhaust administrative remedies, and his claims and each of them are barred thereby.

29.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that plaintiff has failed to mitigate his damages, and said damages are reduced or eliminated in proportion to said failure to mitigate.

30.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that she is immune from civil liability pursuant to the provisions of California Civil Code section 47 to the extent any or all of plaintiff's allegations in this action against defendant are based on the alleged acts or omissions of defendant in making communications in connection with a judicial, legislative, or administrative proceeding.

31.   Further answering the complaint and the separate causes of action thereof, and as a further separate and distinct affirmative defense, defendant alleges she is immune from suit pursuant to the immunities and defenses contained in California Government Code sections 810 through 898.5.

32.  Defendant is immune from suit herein for the failure to enforce any law, pursuant to the provisions of California Government Code sections 818.2.

33.  Defendant alleges that the injury, if any, to plaintiff as alleged in the complaint was solely caused by official judicial and/or quasi-judicial acts, and that said defendant is absolutely immune from suit on that basis.

34.  Defendant alleges that she acted pursuant to mandatory duties imposed by law which she carried out with reasonable diligence, and for that reason is immune from liability pursuant to California Government Code section 815.6.

35.  Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that in the event that the trier of fact finds any liability on the part of this answering defendant, which liability is herein denied, this answering defendant will seek the benefit of several liability for non-economic damages as provided in California Civil Code section 1431-1431.5.

---

DEFENDANT GAYLE UILKEMA'S ANSWER TO COMPLAINT - C 08 - 01697 JL

36. Defendant Gayle Uilkema alleges that at all relevant times alleged in the complaint, she acted reasonably and in good faith under all the circumstances known to her, and not in violation of any clearly established right of plaintiff of which a reasonable official in defendant's position would have known, and is therefore qualifiedly immune from suit herein.

37. Defendant Gayle Uilkema alleges with respect to all allegations of the complaint against said defendant, she was acting as a legislator and was engaged in legislative activities, and for that reason, said defendant is absolutely immune from suit herein.

38. Further answering the complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, said defendant alleges that answering defendant is immune from civil liability pursuant to the provisions of California Government Code section 820.4 to the extent that the injuries alleged in the complaint were caused wholly or in part by the act or omission of a public employee in executing or enforcing any law in the exercise of due care.

WHEREFORE, defendant Gayle Uilkema prays that plaintiff take nothing by the complaint, that plaintiff's complaint against her be dismissed in its entirety, for an award of costs, attorney fees, and expenses of suit against plaintiff pursuant to 42 U.S.C. section 1988 and California Code of Civil Procedure section 1038, and for such other relief as justice may require and the law allow.

DEMAND FOR JURY TRIAL

Defendant demands jury trial of all claims in this action.

DATED: May 2, 2008

SILVANO B. MARCHESI
COUNTY COUNSEL

/S/

By:_____
BERNARD KNAPP
Deputy County Counsel
Attorneys for Defendants
CONTRA COSTA COUNTY,
JOHN GIOIA, MARY PIEPHO,
GAYLE UILKEMA, FEDERAL
GLOVER, and SUSAN BONILLA

---

DEFENDANT GAYLE UILKEMA'S ANSWER TO COMPLAINT - C 08 - 01697 JL