SILVANO B. MARCHESI, County Counsel (SBN 42965)
BERNARD KNAPP, Deputy County Counsel (SBN 111720)
Office of the County Counsel
651 Pine Street, 9th Floor
Martinez, CA 94553
Telephone: (925) 335-1800
Facsimile: (925) 335-1866
Electronic mail: bknap@cc.cccounty.us

Attorneys for Defendants
CONTRA COSTA COUNTY,
JOHN GIOIA, MARY PIEPHO,
GAYLE UILKEMA, FEDERAL GLOVER,
and SUSAN BONILLA

CHARLES EVANS II
Plaintiff Pro Se
546 17th Street
Richmond, California 94801-2804
Telephone: (510) 375-4197
Facsimile: (510) 215-7779
Electronic mail: charles.ii@sbcglobal.net

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EVANS, II et al.,<br><br>    Plaintiffs<br><br>v.<br><br>CONTRA COSTA COUNTY, et al.,<br><br>    Defendant. | NO. CV08-01697 MHP<br><br>JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: July 7, 2008<br>Time: 4:00 p.m.<br>Courtroom 15, 18th Floor |

1. JURISDICTION AND SERVICE

This is a federal civil rights action that includes state law tort claims alleged to arise from the same general set of facts and circumstances. This court has subject matter jurisdiction. 28 U.S.C. §§ 1331, 1343, 1367. All defendants have been served, and this court has personal jurisdiction over the parties. The case is properly venued in this District because the plaintiff and defendants are residents of the District and because the

events allegedly giving rise to plaintiff's claims occurred in this District. 42 U.S.C. § 1391.

2. FACTS

A. Statement

Plaintiff is a private citizen who has appeared before the Contra Costa County Board of Supervisors ("Board") on several occasions regarding the continued advocacy of civil rights issues stemming from actions alleged in case C 03 0643 MEJ, which was settled in April of 2004. Case C 03 0643 MEJ is listed as background only and not as related case. Since settling the civil litigation plaintiff remained concerned that the conditions that allowed the previously complained of injuries to occur were not being sufficiently addressed by the local government. Plaintiff was moved to advocate for change regarding this issue in October of 2006. Plaintiff alleges that defendants were generally unresponsive to this advocacy and allowed their personal indifference to cause current constitutional injury to plaintiff. Defendants deny any injury occurred. The specific injury occurred on February 13, 2007 when plaintiff alleges he was denied his clearly established right to speak on agenda items prior to action being taken. While Board meeting appearances between October 31, 2006 and September 27, 2007 may serve as evidence to support claims, February 13, 2007 will demonstrate the actual injury complained of.

It is undisputed plaintiff appeared from time to time before the Board in open session during the time reserved for public comment regarding plaintiff's concerns as described above. It is also undisputed that on one or more of those occasions, the Board chair limited the time plaintiff was allowed to speak. Defendants contend the limitations were reasonable under the circumstances and no different that those imposed on all public comments. In its public sessions, the Board sets aside time for public comment, during which interested members of the public are allowed to address the Board. Each speaker during public comment is allowed three minutes, and is required to fill out a speaker form in advance. The form alerts the speaker to the restrictions placed on public

comment. Occasionally, if requested, the Board chair allows some speakers more time if the circumstances allow, and on occasion, plaintiff was given extra time when he asked for it. The time limitations on speakers offering public comment are intended by the Board to avoid undue disruption and protraction of the public proceedings of the County's governing body, and are typical of similar restrictions on public comment during official public proceedings imposed by other local government agencies in California.

B.  Disputed Facts

Defendants dispute plaintiff's damage claims. Defendants are unaware of any dispute regarding the events alleged to have occurred in public proceedings before the Board of Supervisors that give rise to this action, as all those proceedings are recorded, and audio-visual records of all plaintiff's alleged appearances before the Board have been preserved.

3. LEGAL ISSUES

A.  Defendants' Position: The defendants see the following legal issues:

1. Whether the three-minute speaking limit imposed on plaintiff as a matter of law deprived plaintiff of his First Amendment rights to speak and/or petition the government for redress of grievances. Defendants contend the limitations are reasonable and plaintiff suffered no Constitutional or statutory deprivation. See, e.g., *White v. City of Norwalk*, 900 F.2d 1421, 1425-1426 (9th Cir. 1990) (rights of speakers before local legislative bodies subject to reasonable restrictions on time and content).

2. Whether plaintiff was deprived of any rights when the Board acted on an agenda item before plaintiff had an opportunity to speak about the item.

3. Whether some or all of the individual defendants are immune from suit under doctrines of legislative and/or qualified immunity. See, e.g., *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (local legislators shielded by legislative immunity).

4. Whether this action is sufficiently frivolous to warrant an award of attorney fees against plaintiff under 42 U.S.C. section 1988.

1  B. Plaintiff's Position: Plaintiff sees the following legal issues:

2  1. Whether plaintiff's clearly established right to speak on agenda items prior to Board action was violated. See, e.g., *White v. City of Norwalk*, 900 F.2d 1421, 1425-1426 (9th Cir. 1990).

2. Whether issue one above was suffered as a result of a custom, usage or policy. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

3. Whether plaintiff was denied equal protection under the law when denied the right to speak on agenda item prior to Board action of February 13, 2007. *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256 (1979).

4. Does the Equal Protection Clause give rise to a cause of action on behalf of a "class of one" where the plaintiff did not allege membership in a class or group. *Village of Willowbrook v. Olech (2000)*.

4. **MOTIONS**

A. Defendants' Motions:

Defendants anticipate an early motion for summary judgment and/or to dismiss all defendants in their individual capacities on immunity grounds. Defendants anticipate a motion for summary judgment for all defendants.

B. Plaintiff's Motions:

Motion to Amend Complaint

5. **AMENDMENT OF PLEADINGS**

Defendants do not contemplate any amendments to the pleadings. Defendants suggest all amendments should be accomplished no later than 90 days before the close of fact discovery or earlier. Plaintiff may request to amend the complaint to clarify claims as supported by facts and corresponding evidence. Plaintiff suggests a reasonable time for filing be set after Initial Case Management Conference.

6. **EVIDENCE PRESERVATION**

Defendants know of no evidence of preservation issues. Defendants routinely keep records of Board proceedings, including video and audio recordings of proceedings.

1  The Board's records of its proceedings are kept indefinitely as a matter of course.
2  Defendants have taken routine steps to ensure preservation of evidence.
3  Plaintiff is not aware of any evidence preservation issues.
4  7.   DISCLOSURES
5  Defendants and plaintiff have timely served initial disclosures.
6  8.   DISCOVERY
7  A. General
8  No discovery has been taken to date. If necessary, Defendants plan to use
9  interrogatories and requests for production to identify the dates of the events plaintiff
10 contends support his claims, and perhaps take plaintiff's deposition, all to support their
11 motions for summary judgment. Plaintiff has provided a list of dates in initial
12 disclosures.
13 B. Proposed Limitations on Discovery
14 Defendants suggest an initial round of discovery limited to liability issues.
15 Defendants suggest the following initial limitations on discovery:
16 1. Each side shall be treated as a single party for purposes of discovery rules.
17 2. Each side shall be allowed five interrogatories, five requests for production,
18 and five requests for admission in the initial round of discovery.
19 3. Each side shall be allowed one deposition, but no depositions of members of
20 the Board of Supervisors or other County managers shall be allowed absent order of court
21 issued on good cause and with an opportunity for defendants to be heard in opposition.
22 Plaintiff does not support any limitation to normal rules of discovery without good
23 cause showing.
24 C. Proposed Discovery Plan
25 Defendants propose to use interrogatories and/or a deposition to better identify the
26 instances in which plaintiff contends he was deprived of protected rights. Defendants
27 will produce to plaintiff the records of proceedings so identified, formally or informally.
28

1 | Defendants expect the underlying facts will not be in dispute once this process is
2 | completed.
3 | 9.    CLASS ACTIONS
4 |       This is not a class action, and the defendants do not anticipate it will be.
5 | Plaintiff will argue class of one.
6 | 10.    RELATED CASES
7 |       There are no related cases within the meaning of Local Rule 3.12(a).
8 | 11.    RELIEF
9 |       Depending on the results of discovery, defendants may seek an award of attorney
10 | fees.
11 |       Plaintiff seeks declaratory relief by a finding that defendants violated right
12 | specified herein.
13 |       Plaintiff seeks injunctive relief by court order prohibiting municipalities from
14 | allowing policies that require private citizens to pursue civil litigation as the only means
15 | of gaining redress for petitioned grievances.
16 | Plaintiff seeks damages for emotional distress for civic trauma caused by being publicly
17 | abused by government officials.
18 |       Plaintiff seeks additional relief as seems proper to court.
19 | 12.    SETTLEMENT AND ADR
20 |       Plaintiff is acting as his own attorney. There have been no settlement discussions.
21 | The parties suggest that if ADR is appropriate, reference to a Magistrate Judge for a
22 | settlement conference is likely to be the most productive avenue.
23 | 13.    OTHER REFERENCES
24 |       Defendants anticipate there may be discovery issues that could be appropriate for
25 | reference to a Magistrate Judge. Defendants do not see any other present need to
26 | consider a reference. If plaintiff can specify the dates when he contends his rights were
27 | violated, it could be useful to schedule an early settlement conference at which the parties
28 |

JOINT CASE MANAGEMENT STATEMENT -- NO. CV08-01697 MHP

can informally review and discuss the facts and receive an impartial evaluation of the case.

14. NARROWING OF ISSUES

Defendants contend that the principal issues are whether the time limits placed on plaintiff's ability to make public comment were reasonable, and if not, whether the defendants are immune. The principal narrowing that could be accomplished is to specify the public and recorded proceedings in which plaintiff claims he was injured, to allow examination of undisputed fact.

Plaintiff contends that the principal issues revolve around the claim of denial of equal rights.

15. EXPEDITED SCHEDULE

Defendants would like to establish the precise dates plaintiff contends his rights were violated and the nature of the claimed violations, to facilitate a motion for summary judgment. To that end, defendants request an order limiting discovery to liability issues, and a schedule for the motion. Assuming limited discovery can be completed by mid August 2008, defendants suggest a motion hearing date in late September 2008 or mid-November 2008.[1]

Plaintiff is pro per and generally requires additional time to comprehend and respond to the demands of federal rules of civil procedure. To that end plaintiff will make every effort to be timely but cannot support expediting the schedule absent compelling reasons.

16  SCHEDULING

As noted, defendants request an expedited schedule for completion of limited discovery and filing of a summary judgment motion. If the court determines trial should be set, defendants request a trial date in early 2009.

---

[1] Defense counsel will be on preplanned vacation overseas October 1 to 31, 2008.

JOINT CASE MANAGEMENT STATEMENT -- NO. CV08-01697 MHP

7

17. TRIAL

Defendants have demanded jury trial. Defendants expect a short trial, no more than five court days and probably less, based on their present understanding of plaintiff's claims.

Plaintiff does not anticipate a long trial. Five court days, or less, may be sufficient.

18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

None.

19. OTHER MATTERS RE SPEEDY, JUST, AND INEXPENSIVE DISPOSITION

Defendants reiterate their suggestion that an early settlement conference could be useful.

DATE: June 25, 2008

SILVANO B. MARCHESI
COUNTY COUNSEL

By: _____
Bernard Knapp
Deputy County Counsel
Attorney for Defendants
CONTRA COSTA COUNTY, JOHN GIOA, MARY PIEPHO, GAYLE UILKEMA, FEDERAL GLOVER, and SUSAN BONILLA

DATE: June , 2008

CHARLES EVANS II
IN PRO PER

_____
Charles Evans II

JOINT CASE MANAGEMENT STATEMENT -- NO. CV08-01697 MHP

8

PROOF OF SERVICE

**Re:** *Charles Evans II v. Contra Costa County, et al.*
United States District Court No. C 08 - 01697 MHP

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Office of the County Counsel, 651 Pine Street, 9th Floor, Martinez, CA 94553-1229. My electronic notification address is pwebb@cc.cccounty.us. On June 26, 2008, at _____ I served the following document(s) by the method indicated below.

1. JOINT CASE MANAGEMENT STATEMENT

☐ By fax transmission on this date from fax number (925) 335-1866 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct. 2.301(3).

☑ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Martinez, California addressed as set forth below. I am readily familiar with Office of County Counsel's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☐ By placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ By personally delivering the document(s) listed above to the person(s) and at the addresses listed below.

☐ By placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐ By electronically transmitting from electronic notification address pwebb@cc.cccounty.us a true copy of the above-referenced document(s) to LexisNexis File & Serve at www.LexisNexis.com for electronic delivery upon counsel for the parties as listed below and as listed on the attached transaction receipt(s). The transmission was reported as complete and without error.

PROOF OF SERVICE

Charles Evans II                                                Plaintiff in pro per
546 17th Street
Richmond, CA 94801-2804

Telephone:   510.375.4197 cell
             510.637.2845 desk
             510.215.7779 home

Electronic Mail: charles.ii@sbcglobal.net


I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on June 26, 2008, at Martinez, California.

_____
PAULA WEBB

PROOF OF SERVICE